UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
EMORY BUTLER,                                       Civil Action No.: 1:25-cv-2946

                              Plaintiff,   **FIRST AMENDED**
         -against-                                       **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER                **JURY TRIAL**
ANTHONY VARONE, POLICE OFFICER ZACHARY E.           **DEMANDED**
CACHIA and JOHN and JANE DOES (1-5) (employees of
the New York City Police Department not yet known),

                              Defendants.
---------------------------------------------------------------------------X

Plaintiff EMORY BUTLER, by and through his attorney, ABE GEORGE, ESQ., of the LAW OFFICES OF ABE GEORGE, P.C., complaining of the Defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action stemming from a false arrest and malicious prosecution of Plaintiff, in which Plaintiff seeks relief for Defendant Officers' violations of Plaintiff's rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. Plaintiffs seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## **JURY TRIAL DEMANDED**

7. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## **PARTIES**

8. At all times relevant to this action, Plaintiff EMORY BUTLER is and was a resident of Brooklyn, New York.

9. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of POLICE OFFICER ANTHONY VARONE, Shield 15385 of the 75th Precinct,

(hereinafter "VARONE"), POLICE OFFICER ZACHARY E. CACHIA, Shield 12044 of the 75th Precinct (hereinafter "CACHIA"), and JOHN and JANE DOE (1-5), police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown (hereinafter "JOHN and JANE DOE (1-5)").

10. Defendants VARONE, CACHIA and JOHN and JANE DOE (1-5) are and were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of Defendant CITY OF NEW YORK.

11. At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the NYPD, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

12. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

## NOTICE OF CLAIM

13. A Notice of Claim was filed by Plaintiff against the Defendants on December 12, 2024.

14. A 50(h) municipal hearing was held on February 4, 2025. More than 30 days have elapsed since the hearing and this matter has not been settled.

**STATEMENT OF FACTS**

15. On or about December 5, 2024, at approximately 9:52PM, near the vicinity of 385 Montauk Avenue in the County of Kings, Plaintiff was lawfully walking down the street not engaged in any criminal activity when a police car occupied by defendant OFFICER ANTHONY VARONE was following Plaintiff. Defendant VARONE began yelling things at Plaintiff from his police car. See **Exhibit A**: Picture

16. After following and yelling at Plaintiff, VARONE exited his police vehicle and continued to pursue Plaintiff on foot at a rapid pace. At one point while VARONE was behind Plaintiff he said "I am coming with you to make sure you are straight." As VARONE got closer, but while behind Plaintiff, VARONE accused Plaintiff of bumping into him, and then he said "what is that right there," pointing to something on Plaintiff's person. VARONE then lunged at Plaintiff to touch the item he suspected was contraband and then placed Plaintiff under arrest for no just reason.

17. Plaintiff was lawfully present and was not engaged in any unlawful activity at the aforementioned time, place and occurrence.

18. Plaintiff captured part of the above encounter on videotape.

19. Plaintiff was stopped without reasonable suspicion of criminal activity and arrested without probable cause to believe that Plaintiff had committed any crime.

20. Police officers were hoping that a search of Plaintiff's person would turn up contraband.

21. Plaintiff believes he was only targeted because he was African American.

22. Upon information and belief, in order to justify Plaintiff's detention, search, seizure and arrest, Defendant NYPD police officers VARONE and JOHN and JANE DOE (1-5) conspired with each other and others including arresting officer CACHIA to file a false criminal court complaint against plaintiff.

23. Upon information and belief Plaintiff sustained injuries while officers tried to effectuate his arrest. Plaintiff was already a victim to a police assault and was recovering from a traumatic brain injury for an incident that happened to him less than a year before this arrest.

24. Police officers failed to render adequate medical care to Plaintiff after his arrest.

25. Plaintiff's fear and apprehension of police officers as well as Plaintiff's post traumatic stress disorder were exacerbated by this incident.

26. On or about December 6, 2025, Defendant CACHIA, with the explicit and tacit approval of defendant VARONE, knowingly and intentionally, falsely swore to a criminal court complaint that alleged Plaintiff intentionally bumped Officer VARONE and grabbed VARONE's body worn camera causing a piece of the camera to fall to the ground. In the aforesaid criminal complaint Plaintiff was charged with Criminal Mischief in the Fourth Degree [PL 145.00(1)] and Obstructing Governmental Administration in the Second Degree [PL 195.05(01)---all charges without any legal basis.

27. After being detained for just under 24 hours, Plaintiff was arraigned on or about December 6, 2024, on the aforementioned criminal court complaint under Kings Docket # CR-051958-24KN and was later released by a criminal court judge. See **Exhibit B**: Criminal Court Complaint

28. Plaintiff had to retain an attorney to deal with the aforesaid criminal charges and after two to three appearances the case was eventually dismissed on March 14, 2025. See **Exhibit C:** Certificate of Disposition.

**FIRST CLAIM FOR RELIEF: FALSE ARREST**
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
All Defendants (Except for Defendant City of New York)

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. Defendant NYPD police officers VARONE, CACHIA and/or JOHN AND JANE DOES (1-5), acting under color of state law, in stopping Plaintiff without reasonable suspicion and later arresting Plaintiff without probable cause, and further confining Plaintiff who was conscious of said imprisonment against Plaintiff's will, and without any privilege to do so as is required by the Fourth and Fourteenth Amendments, are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

31. As a direct and proximate result of Defendants' above described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**SECOND CLAIM FOR RELIEF: MALICIOUS PROSECUTION**
42 U.S.C. § 1983 and Fourth Amendment
All Defendants (Except for Defendant City of New York)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. By their conduct, as described herein, and acting under color of state law, Defendant police officers CACHIA, VARONE and/or JOHN AND JANE DOES (1-5), are liable

6

to Plaintiff under 42 U.S.C. § 1983 for the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

34. Due to Defendant police officers CACHIA, VARONE and/or JOHN AND JANE DOES (1-5), false allegations against Plaintiff, a criminal proceeding was commenced against the Plaintiff. The criminal proceeding was dismissed and terminated on or about March 14, 2025, in Plaintiff's favor. There was no probable cause for Plaintiff's arrest and defendant police officers' actions in intentionally trying to "falsify" charges against Plaintiff was driven by malice.

35. As a result of Defendant's conduct Plaintiff was incarcerated for over 24 hours and had to hire an attorney to deal with his false criminal charges.

36. As a direct and proximate result of Defendants' above described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

**THIRD CLAIM FOR RELIEF: MUNICIPAL LIABILITY FOR FAILURE TO TRAIN, SUPERVISE AND/OR DISCIPLINE**
42 U.S.C § 1983
By Plaintiff Against Defendant CITY OF NEW YORK

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. As established in Floyd v. City of New York, 959 F. Supp. 2d 540 (S.D.N.Y. 2013), Defendant CITY OF NEW YORK, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, lawful search of individuals and/or their properties, and an obligation not to promote or condone, and/or assist

in the stopping, restraining, searching, and use of force without possessing the requisite level of probable cause, suspicion, or reason.

39. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct

    a) Schoolcraft v. City of New York, 10-CV-6005 (RWS) (S.D.N.Y) (police officer who exposed a precinct's policies and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing these practices and customs);

    b) People v. Pagan, 6416-2008 (Sup. Ct. N.Y. Co.) (officer swears out a false complaint and is convicted of falsifying police records);

    c) Lin v. City of New York, 10-CV-1936 (PGG) (S.D.N.Y) (officers arrest a person lawfully photographing an arrest of a bicyclist in Times Square and swear out criminal complaints that is contradicted by video evidence);

    d) Colon v. City of New York, 9-CV-0008 (JBW)(E.D.N.Y) (in an Order dated November 29, 2009 denying the City's motion to dismiss, wherein the police officers at issue were prosecuted for falsifying evidence, the Honorable Jack B. Weinstein wrote: 'Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration—through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary

action within the department—there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.'

e) People v. Arbeedy, 6314-2008 (Sup. Ct. Kings Co.) (NYPD narcotics detective found guilty planting drugs on two innocent civilians; former undercover NYPD narcotics officer, Steve Anderson, testified that fellow narcotics officers routinely maintained a stash of narcotics to plant on innocent civilians in order to help those officers meet arrest quotas; Mr. Anderson testified concerning the NYPD's practice of "attaching bodies" to the narcotics to make baseless arrests stating: "It was something I was seeing a lot of, whether it was from supervisors or undercovers and even investigators. Seeing it so much, it's almost like you have no emotion with it. The mentality was that they attach bodies to it, they're going to be out of jail tomorrow anyway, and nothing is going to happen to them anyway. That kind of came to me and I accepted it –being around so long, and being an undercover";

f) Bryant v. City of New York, 22011/2007 (Sup. Ct. Kings Co.) (Jury declares that NYPD officers acted pursuant to a City policy regarding the number of arrests officers were expected to make that violated plaintiff's constitutional rights and contributed to her arrest);

g) Williams v. City of New York, 06-CV-6601 (NGG) (E.D.N.Y.) (officers arrest plaintiff during a "vertical patrol" of a public housing project despite evidence that he had a legitimate reason to be on premises);

h) MacNamara v. City of New York, 04-CV-9216 (RJS)(JCF) (S.D.N.Y) (evidence of perjured sworn statements systematically provided by officers to attempt to cover up or justify unlawful mass arrests of approximately 800 people has been and continues to be

developed in the consolidated litigation arising out of the 2004 Republican National Convention);

    i)    McMillan v. City of New York, 04-cv-3990 (FB)(RML) (E.D.N.Y.) (officers fabricated evidence against an African-American man in Kings County and initiated drug charges against him, despite an absence of a quantum of suspicion);

    j)    Nonneman v. City of New York, 04-CV-10131 (JSR)(AJP) (S.D.N.Y.) (former NYPD lieutenant alleging retaliatory demotion and early retirement after reporting a fellow officer to IAB and CCRB for the officer's suspicionless, racially-motivated stop-and-frisk of a group of Hispanic youths);

    k)    Richardson v. City of New York, 02-CV-3651 (JG)(CLP) (E.D.N.Y.) (officers fabricated evidence including knowingly false sworn complaints, against an African-American man in Kings County and initiated drug charges against him, despite an absence of any quantum of suspicion);

    l)    White-Ruiz v. City of New York, 93-CV-7233 (DLC) (MHD), 983 F.Supp. 365, 380 (S.D.N.Y.) (holding that the NYPD had an "unwritten policy or practice of encouraging or at least tolerating a pattern of harassment directed at officers who exposed instances of police corruption");

    m)    Exclusive: Muslim Woman Settles Racial Profiling Lawsuit with NYC but says Officials Refused to Meet with her to Discuss Police Abuse (Daily News, available at nydailynews.com/new-york/exclusive-woman-settles-racial-profiling-suit-nyc-article-1.2327196): After settling for over $37,000 after Mrs. Huq was arrested for Obstructing Pedestrian Traffic, police officials refused to change policy or meet to discuss additional training and supervision of officers;

n) Two individuals were arrested after they filmed NYPD officers conduct stop-and-frisks at a car checkpoint. Christina Gonzales and Matthew Swaye said they were returning from a Bronx mall at about 10:30 p.m. when they noticed several vehicles stopped. When Gonzalez took out her camera to begin filming, they were arrested. DNA Info (May 21, 2013), http://www.dnainfo.com/new-york/20130521/central-harlem/professional-agitators-on-nypd-wanted-flier-arrested-after-filiming-stop; and

o) On June 20, 2013, NYPD officers arrested a photographer taking photographs of a Bushwick police station when he refused to tell the officers why he was taking the photographs. Shawn Randall Thomas was given two summonses for Disorderly conduct. DNA Info (June 20, 2013), http://www.dnainfo.com/new-york/201306t20/bushwick/photographer-arrested-taking-pictures-of-police-station-house-bushwick).

40. Defendant CITY OF NEW YORK maintained the above-described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees.

41. The actions of Defendants, acting under color of State law, deprived Plaintiff of Plaintiff's due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, racial profiling, the excessive use of force and the right to due process.

42. By these actions, defendants have deprived Plaintiffs of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth,

Fifth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

43. Moreover Defendant Anthony Varone had a history of disciplinary issues which the NYPD failed to address and correct, showing a deliberate indifference to the officers' actions towards the community.

44. Specifically, Officer Varone had the following CCRB allegations substantiated:

   a. Abuse of authority for a vehicle search (Complaint #202305532) for which he received a command discipline stemming from allegations of an illegal car search in April of 2023.

   b. Abuse of authority for a stop (Complaint #202207912) for which formalized training was ordered stemming from allegations of an illegal pedestrian stop in October of 2022.

   c. Abuse of authority for a stop (Complaint # 202100330) for which formalized training was ordered for Varone stemming from allegations of an illegal pedestrian stop in January of 2021.

   d. Abuse of authority for refusal to process a civilian complaint (Complaint # 202001953) in February of 2020.

45. Further according to a Brooklyn District Attorney NYPD Disclosure letter the NYPD substantiated allegations against defendant Varone concerning an invoice discrepancy and an inaccurate property clerk invoice from a 2019 incident.

46. Upon information and belief the City previously settled a civil rights lawsuit against Defendant Varone where there were allegations of false arrest and excessive force, in the matter of *Julio vs City of New York, et al.,* Index # 521664/2019, Supreme Court Kings County.

47. Defendant Varone also has two open civil rights violation cases, one pending in the Eastern District, *Cruz vs City of New York Et. al;* 1:21-cv-03367-FB-LB, and another civil rights violation case pending in Kings County, *Malik vs City of New York, et al*. Case # 518413/2024, Supreme Court.

48. Defendant Cacchia has an open civil rights violation case captioned *Stewart vs City of New York*, et al., Index # 521078/2024, Supreme Court Kings.

49. In failing to take any proper corrective actions against the defendant officers in this case, Defendant CITY OF NEW YORK acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

**FOURTH CLAIM: FALSE ARREST**
STATE LAW CLAIM
By Plaintiff Against All Defendants

50. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

51. In the officer defendants falsely arresting Plaintiff Defendant City of New York is strictly liable for the actions of its officers.

**FOURTH CLAIM: MALICIOUS PROSECUTION**
STATE LAW CLAIM
By Plaintiff Against All Defendants

52. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

53. In the officer defendants conspiring to file falsely charges against Plaintiff Defendant City of New York is strictly liable for the actions of its officers.

**WHEREFORE**, Plaintiff demands judgment against the Defendants individually and jointly and prays for relief as follows:

(a) That Plaintiff be compensated for the violation of Plaintiff's constitutional rights, pain, suffering, mental anguish, and humiliation; and

(b) That Plaintiff be awarded punitive damages against the Defendants; and

(c) Award attorneys' fees pursuant to 42 U.S.C. § 1988;

(d) Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

(e) For such other further and different relief as to the Court may deem just and proper.

DATED: May 31, 2025
New York, New York

LAW OFFICES OF ABE GEORGE, P.C.
  /s/  _____
By: Abe George, Esq.
99 Wall Street, Suite 3404
New York, NY 10005
(P) 212-498-9803
E-mail: abe@abegeorge.lawyer