UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EMORY BUTLER,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
ANTHONY VARONE, POLICE OFFICER ZACHARY E.
CACHIA and JOHN and JANE DOES (1-5) (employees of
the New York City Police Department not yet known),

                                    Defendants.
------------------------------------------------------------------------X

Civil Action No.: 1:25-cv-2946

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff EMORY BUTLER, by and through his attorney, ABE GEORGE, ESQ., of the LAW OFFICES OF ABE GEORGE, P.C., complaining of the Defendants herein, upon information and belief, respectfully shows to this Court, and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action stemming from a false arrest and malicious prosecution of Plaintiff, in which Plaintiff seeks relief for Defendant Officers' violations of Plaintiff's rights secured by 42 U.S.C. § 1983, by the United States Constitution, including its Fourth, and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2. Plaintiffs seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's constitutional and civil rights.

5. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c), in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

7. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

8. At all times relevant to this action, Plaintiff EMORY BUTLER is and was a resident of Brooklyn, New York.

9. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as Defendant CITY OF NEW YORK's agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of POLICE OFFICER ANTHONY VARONE, Shield 15385 of the 75th Precinct,

(hereinafter "VARONE"), POLICE OFFICER ZACHARY E. CACHIA, Shield 12044 of the 75th Precinct (hereinafter "CACHIA"), and JOHN and JANE DOE (1-5), police officers of the New York City Police Department, the identity, rank, and number of whom is presently unknown (hereinafter "JOHN and JANE DOE (1-5)").

10. Defendants VARONE, CACHIA and JOHN and JANE DOE (1-5) are and were at all times relevant herein duly appointed and acting officers, servants, employees, and agents of the New York City Police Department (hereinafter "NYPD"), a municipal agency of Defendant CITY OF NEW YORK.

11. At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the NYPD, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by the CITY OF NEW YORK and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

12. This action has been commenced within one year and ninety days of the date of occurrence of the events giving rise to this Complaint.

### NOTICE OF CLAIM

13. A Notice of Claim was filed by Plaintiff against the Defendants on December 12, 2024.

14. A 50(h) municipal hearing was held on February 4, 2025. More than 30 days have elapsed since the hearing and this matter has not been settled.

## STATEMENT OF FACTS

15. On or about December 5, 2024, at approximately 9:52PM, near the vicinity of 385 Montauk Avenue in the County of Kings, Plaintiff was lawfully walking down the street not engaged in any criminal activity when a police car occupied by defendant OFFICER ANTHONY VARONE was following Plaintiff. Defendant VARONE began yelling things at Plaintiff from his police car. See **Exhibit A**: Picture

16. After following and yelling at Plaintiff, VARONE exited his police vehicle and continued to pursue Plaintiff on foot at a rapid pace. At one point while VARONE was behind Plaintiff he said "I am coming with you to make sure you are straight." As VARONE got closer, but while behind Plaintiff, VARONE accused Plaintiff of bumping into him, and then he said "what is that right there," pointing to something on Plaintiff's person. VARONE then lunged at Plaintiff to touch the item he suspected was contraband and then placed Plaintiff under arrest for no just reason.

17. Plaintiff was lawfully present and was not engaged in any unlawful activity at the aforementioned time, place and occurrence.

18. Plaintiff captured part of the above encounter on videotape.

19. Plaintiff was stopped without reasonable suspicion of criminal activity and arrested without probable cause to believe that Plaintiff had committed any crime.

20. Police officers were hoping that a search of Plaintiff's person would turn up contraband.

4

21. Plaintiff believes he was only targeted because he was African American.

22. Upon information and belief, in order to justify Plaintiff's detention, search, seizure and arrest, Defendant NYPD police officers VARONE and JOHN and JANE DOE (1-5) conspired with each other and others including arresting officer CACHIA to file a false criminal court complaint against plaintiff.

23. Upon information and belief Plaintiff sustained injuries while officers tried to effectuate his arrest. Plaintiff was already a victim to a police assault and was recovering from a traumatic brain injury for an incident that happened to him less than a year before this arrest.

24. Police officers failed to render adequate medical care to Plaintiff after his arrest.

25. Plaintiff's fear and apprehension of police officers as well as Plaintiff's post traumatic stress disorder were exacerbated by this incident.

26. On or about December 6, 2025, Defendant CACHIA, with the explicit and tacit approval of defendant VARONE, knowingly and intentionally, falsely swore to a criminal court complaint that alleged Plaintiff intentionally bumped Officer VARONE and grabbed VARONE's body worn camera causing a piece of the camera to fall to the ground. In the aforesaid criminal complaint Plaintiff was charged with Criminal Mischief in the Fourth Degree [PL 145.00(1)] and Obstructing Governmental Administration in the Second Degree [PL 195.05(01]---all charges without any legal basis.

27. After being detained for just under 24 hours, Plaintiff was arraigned on or about December 6, 2024, on the aforementioned criminal court complaint under Kings Docket # CR-051958-24KN and was later released by a criminal court judge.  See **Exhibit B**: Criminal Court Complaint

28. Plaintiff had to retain an attorney to deal with the aforesaid criminal charges and after two to three appearances the case was eventually dismissed on March 14, 2025. See **Exhibit C:** Certificate of Disposition.

## FIRST CLAIM FOR RELIEF: FALSE ARREST
42 U.S.C. § 1983 and Fourth and Fourteenth Amendments
All Defendants (Except for Defendant City of New York)

29. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

30. Defendant NYPD police officers VARONE, CACHIA and/or JOHN AND JANE DOES (1-5), acting under color of state law, in stopping Plaintiff without reasonable suspicion and later arresting Plaintiff without probable cause, and further confining Plaintiff who was conscious of said imprisonment against Plaintiff's will, and without any privilege to do so as is required by the Fourth and Fourteenth Amendments, are liable for violating 42 U.S.C. § 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

31. As a direct and proximate result of Defendants' above described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SECOND CLAIM FOR RELIEF: MALICIOUS PROSECUTION
42 U.S.C. § 1983 and Fourth Amendment
All Defendants (Except for Defendant City of New York)

32. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33. By their conduct, as described herein, and acting under color of state law, Defendant police officers CACHIA, VARONE and/or JOHN AND JANE DOES (1-5), are liable

to Plaintiff under 42 U.S.C. § 1983 for the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

34. Due to Defendant police officers CACHIA, VARONE and/or JOHN AND JANE DOES (1-5), false allegations against Plaintiff, a criminal proceeding was commenced against the Plaintiff. The criminal proceeding was dismissed and terminated on or about March 14, 2025, in Plaintiff's favor. There was no probable cause for Plaintiff's arrest and defendant police officers' actions in intentionally trying to "falsify" charges against Plaintiff was driven by malice.

35. As a result of Defendant's conduct Plaintiff was incarcerated for over 24 hours and had to hire an attorney to deal with his false criminal charges.

36. As a direct and proximate result of Defendants' above described unlawful actions, Plaintiff has suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

### THIRD CLAIM FOR RELIEF: EXCESSIVE FORCE
42 U.S.C. § 1983 and Fourth Amendment
Against All Individual Officer Defendants

37. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

38. Defendant police officers CACHIA, VARONE and/or JOHN AND JANE DOES (1-5) intentionally touched and/or assaulted Plaintiff without Plaintiff's permission and/or consent causing injuries.

39. Said officers' touching of Plaintiff involved the use of excessive force and caused injuries throughout Plaintiff's body including his chest, back, ribs, and legs. These injuries may

7

have exacerbated existing injuries to Plaintiff's right leg and back and may have also worsened Plaintiff's post traumatic stress issues he was suffering before the accident.

40. Plaintiff did not consent to the excessive physical contact by any of the Individual Officer Defendants, and they lacked any legal justification, excuse, or privilege for their conduct.

41. By virtue of the foregoing, the Individual Officer Defendants each deprived Plaintiff of his Fourth Amendment right under the United States Constitution to be free of the excessive use of force.

**FOURTH CLAIM: FALSE ARREST**
STATE LAW CLAIM
By Plaintiff Against All Defendants

42. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. In the officer defendants falsely arresting Plaintiff Defendant City of New York is strictly liable for the actions of its officers.

**FIFTH CLAIM: MALICIOUS PROSECUTION**
STATE LAW CLAIM
By Plaintiff Against All Defendants

44. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. In the officer defendants conspiring to file falsely charges against Plaintiff Defendant City of New York is strictly liable for the actions of its officers.

**SIXTH CLAIM: EXCESSIVE FORCE**
STATE LAW CLAIM
By Plaintiff Against All Defendants

46.     Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47.     Defendant police officers CACHIA, VARONE and/or JOHN AND JANE DOES (1-5) intentionally touched and/or assaulted Plaintiff without Plaintiff's permission and/or consent causing injuries described above.

48.     The Defendant City of New York is strictly liable for the actions of its officers

**WHEREFORE**, Plaintiff demands judgment against the Defendants individually and jointly and prays for relief as follows:

(a)    That Plaintiff be compensated for the violation of Plaintiff's constitutional rights, pain, suffering, mental anguish, and humiliation; and

(b)    That Plaintiff be awarded punitive damages against the Defendants; and

(c)    Award attorneys' fees pursuant to 42 U.S.C. § 1988;

(d)    Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988

(e)    For such other further and different relief as to the Court may deem just and proper.

DATED:     September 18, 2025
           New York, New York

                                        LAW OFFICES OF ABE GEORGE, P.C.
                                         /s/
                                        By: Abe George, Esq.
                                        99 Wall Street, Suite 3404
                                        New York, NY 10005
                                        (P) 212-498-9803
                                        E-mail: abe@abegeorge.lawyer