# LAW OFFICES OF ABE GEORGE, P.C.

99 Wall Street, Suite 3404
New York, NY 10005
(P) 212-498-9803 (F) 646-558-7533
Email: abe@abegeorge.lawyer

November 17, 2025

**VIA ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Butler v. City of New York, et. al.*, 1:25-cv-02946-BMC
> Pre-Motion Conference Request for Summary Judgment

Your Honor:

I represent the Plaintiff Emory Butler in the above-captioned matter. I was informed by counsel for the defendants that they intend to file a summary judgment motion to dismiss all of Plaintiff's causes of action in this matter. Should defendants file said motion, Plaintiff will request permission to cross-move for summary judgment with respect to Plaintiff's federal and state causes of action related to Plaintiff's false arrest because videotaped evidence conclusively show that defendant officer Anthony Varone did not have probable cause to arrest Plaintiff.

Plaintiff's second amended complaint (*ECF # 19)* pleads three violations of 42 U.S.C. § 1983 ("Section 1983") for false arrest (count 1), malicious prosecution (count 2) and excessive force (count 3) and three state law claims for the same violations (counts 4-6 respectively). The complaint alleges that on or about December 5, 2024, at approximately 9:52PM, near the vicinity of 385 Montauk Avenue in the County of Kings, Plaintiff was lawfully walking down the street not engaged in any criminal activity when a police car occupied by defendant Officer Anthony Varone was following Plaintiff. See *ECF # 19*, ¶15. Plaintiff was lawfully present and was not engaged in any unlawful activity at the aforementioned time, place and occurrence when he was arrested by Officer Varone. *Id*. @ ¶16-17. On or about December 6, 2025, Defendant Officer Cachia, along with the approval of defendant officer Varone, knowingly and intentionally, falsely swore to a criminal court complaint that alleged Plaintiff intentionally bumped Officer Varone and grabbed Varone's body worn camera causing a piece of the camera to fall to the ground.    In the aforesaid criminal complaint (annexed to ECF # 19 as Exhibit A) Plaintiff was charged with Criminal Mischief in the Fourth Degree [PL 145.00(1)] and Obstructing Governmental Administration in the Second Degree [PL 195.05(01]---all charges without any legal basis. *Id*. @ ¶26. Plaintiff was detained for approximately 24 hours before he was arraigned on the aforementioned complaint and was released by a criminal court judge. *Id*. @ ¶27. Plaintiff had to retain an attorney to deal with the aforesaid criminal charges and after two to three appearances the case was eventually dismissed on March 14, 2025. *Id*. @ ¶28.

The videotaped evidence from Plaintiff's cell phone and defendant Officer Anthony Varone's ("PO Varone") body camera, which defendants should have sent to this Court after the initial conference, corroborate Plaintiff's complaint. The video shows a determined PO Varone following Plaintiff to figure out if he is holding a firearm under his jacket. At one point while Varone exits his vehicle and starts following Plaintiff, Varone states "No, you're good man...I was just curious what's

underneath the jacket, bro." The video shows Varone closing the distance between him and the Plaintiff, which created bodily contact between the two to justify a stop. Varone in a joking manner states "Whoa! Why you bumping into me?" P.O. Varrone can then be seen reaching out and grabbing Mr. Butler's left side while saying "what is that right there?" Despite not feeling anything on Plaintiff's person Varone and another officer push Plaintiff into a fence and begin to forcibly take down Plaintiff and arrest him. PO Varone never recovers anything and comes up with numerous false charges to justify Plaintiff's arrest including an allegation that Plaintiff intentionally knocked his body camera off his body, damaging it from properly clipping onto the officer's body camera holder, which is not visible at all on Varone's body camera. If the body camera was damaged the video shows it was likely dropped while PO Varone was falsely arresting Plaintiff. Moreover, additional body camera footage after Plaintiff's arrest shows Varone's camera attached to his chest and properly working.

Movants are entitled to summary judgment under Rule 56(a) if they have "shown that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.; Kemp v. Regeneron Pharrns., Inc.*, 117 F.4th 63, 68 (2d Cir. 2024). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). The Second Circuit has recognized that video evidence, like any other kind of evidence, can be so overwhelming that no reasonable jury could reach a conclusion that contradicts it. See *Addona v. D'Andrea*, 692 F. App'x 76, 78 (2d Cir. 2017) (citing *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)).

"Under New York law, the elements of a false arrest and false imprisonment claim are: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Hernandez v. United States*, 939 F.3d 191, 199 (2d Cir. 2019); *Caraballo v. City of New York*, 726 F. Supp. 3d 140, 152 (E.D.N.Y. 2024) (noting that Section 1983 claims for false arrest and false imprisonment are "substantially the same" as false arrest and false imprisonment claims brought under New York law), *on reconsideration in part sub nom. Caraballo v. Surriga*, No. 21-CV-285 (ARR) (VMS), 2024 U.S. Dist. LEXIS 93497, 2024 WL 2701644 (E.D.N.Y. May 24, 2024). Clearly in this matter there is no dispute as to prongs 1-3 leaving the only question as to whether or not Plaintiff's confinement was privileged. "Probable cause is a complete defense to both federal and state law claims for false arrest and false imprisonment." *Ortiz v. Henriquez*, No. 99-CV-3268 (LMM), 2001 U.S. Dist. LEXIS 13739, 2001 WL 1029411, at *4 (S.D.N.Y. Sept. 7, 2001), *aff'd*, 41 Fed. Appx. 516 (2d Cir. 2002) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

Video evidence is not always dispositive but in this case no rational juror could legally find that Varone had probable cause to arrest Plaintiff.

Sincerely,

/s/
Abe George, Esq.

cc:    **VIA ECF**
       All Parties