

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**JEFFREY NOLL**
*Assistant Corporation Counsel*
jnoll@law.nyc.gov
Phone: (212) 356-2617

November 17, 2025

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  Emory Butler v. City of New York, et al.
25-CV-2946 (BMC)

Your Honor:

I am the Assistant Corporation Counsel representing Defendants in the above-referenced matter. Pursuant to Your Honor's Individual Rules and Practices, Defendants write to request a pre-motion conference regarding Defendants' anticipated motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## I.    Factual Background

Plaintiff filed the complaint in this action on or about May 28, 2025 against the City of New York and NYPD Officer Zachary Cachia, and on May 31, 2025, he amended the complaint to add Officer Anthony Varrone as a defendant. ECF Docket Nos. 1, 6. Plaintiff filed a second amended complaint ("SAC") on or about September 18, 2025, the operative pleading in this case. ECF Docket No. 19. Pursuant to 42 U.S.C. § 1983, the SAC alleges federal and state law claims of false arrest, malicious prosecution, and excessive force against the City of New York and officers Varrone and Cachia.

On December 5, 2024, Plaintiff was arrested in the vicinity of Montauk Avenue in Brooklyn, New York. Officer Varrone was in a patrol car when he observed Plaintiff walking with a bulge in his jacket and acting in a manner which was in his experience consistent with someone who was concealing a weapon. Officer Varrone exited the police vehicle and asked Plaintiff what was under in his jacket. Their interaction escalated, and Officer Varrone attempted to arrest Plaintiff.  Plaintiff grabbed Officer Varrone's vest, refusing to let go even after Officer Varrone ordered Plaintiff to let go multiple times.  Two additional officers exited the police vehicle and assisted in Plaintiff's arrest. Plaintiff thereafter grabbed Officer Varrone's body-worn camera ("BWC,") breaking the mount which affixed it to his vest.  According to Plaintiff, he was slammed to the ground, punched multiple times in his body, and had multiple officers

place their knees on his back and neck while he was handcuffed. Thereafter, Officer Cachia arrived and was informed by Officer Varrone and Sergeant Insalaco as to what had occurred, and based on this information, he signed the criminal court complaint. Plaintiff was then escorted to the precinct and subsequently transported to a hospital at his request. Plaintiff suffered no physical injury from the incident. That same evening, Plaintiff was arraigned on charges of Criminal Mischief in the Fourth Degree, NY PL 145.00 01, and Obstructing Governmental Administration in the Second Degree, NY PL 195.05 01, which were dismissed on speedy trial grounds on March 14, 2025.

## II.    **Defendants' Anticipated Motion**

Based on the undisputed facts, Defendants are entitled to summary judgment.

### A. There Was Probable Cause for Plaintiff's Arrest

"The existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest . . . .'" Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Here, the undisputed evidence shows that Plaintiff grabbed Officer Varrone's vest and refused to let go despite several lawful orders to do so, and that he also grabbed Officer Varrone's BWC, breaking the mount which affixed the camera to his vest. Video evidence depicts Plaintiff's arm near Officer Varrone's body at the time Officer Varrone is heard repeatedly ordering Plaintiff to let go of him. Plaintiff does not recall whether he grabbed Officer Varrone's body or BWC, and therefore, there is no evidence to create a genuine dispute of fact.

Accordingly, there was probable cause to arrest Plaintiff for Obstructing Governmental Administration in the Second Degree, NY PL 195.05 01, and Harassment in the Second Degree, NY PL 240.26 01, for grabbing and refusing to let go of Officer Varrone's vest during his arrest. Further, there was probable cause to arrest Plaintiff for Criminal Mischief in the Fourth Degree, NY PL 145.00 01, as video evidence shows Plaintiff's hand covering the BWC, and Plaintiff cannot dispute breaking the BWC.[1]  At a minimum, there was arguable probable cause to arrest Plaintiff for these offenses, and as such the Defendants are entitled to qualified immunity. See Garcia v. Doe, 779 F.3d 84, 92 (2d Cir. 2015).

### B. There Was Probable Cause for Plaintiff's Prosecution

Like a claim for false arrest, "the existence of probable cause is a complete defense to a claim of malicious prosecution." Stansbury v. Wertman, 721 F.3d 84, 94-95 (2d Cir. 2013). There was probable cause for Plaintiff's prosecution for the same reasons there was probable cause for his arrest. See Olugbenga Akinnagbe v. City of New York, 128 F.Supp 539, 554 (E.D.N.Y. September 1, 2015).

The malicious prosecution claim should also be dismissed against Officer Cachia because he merely relied on the information provided to him by Officer Varrone and Sergeant Insalaco

---

[1] Officer Cachia was not physically present for Plaintiff's arrest, therefore, this claim should be dismissed against him for lack of his personal involvement. Guillen v. City of New York, 2023 U.S. Dist. LEXIS 45599 *7 (S.D.N.Y. March 17, 2023).

when signing the criminal court complaint, and is therefore shielded from liability pursuant to the fellow officer rule. See Charles v. City of New York, 2014 U.S. Dist. LEXIS 46741 *16-17 (S.D.N.Y. March 31, 2014). Plaintiff cannot demonstrate that Officer Cachia had any reason to doubt the reliability of the information which would render the fellow officer rule inapplicable. Once again, at a minimum the officers would be entitled to qualified immunity. Garcia, 779 F.3d at 92.

### C. Defendants Did Not Use Excessive Force

To succeed on an excessive force claim a plaintiff must establish that he suffered more than a de minimis injury. Williams v. City of New York, 05 Civ. 10230 (SAS), 2007 U.S. Dist. LEXIS 55654 at *26-7 (S.D.N.Y. July 27, 2007). "[A] de minimis use of force will rarely suffice to state a constitutional claim." Romano v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993). De minimis injuries "can serve as conclusive evidence that de minimis force was used." Washpon v. Parr, 561 F. Supp. 2d 394, 407 (S.D.N.Y. 2008). See generally Ferebee v. City of New York, 2017 U.S. Dist. LEXIS 104783 at *20-1 (S.D.N.Y. July 6, 2017). No. 15-CV-1868 (PAC); Greene v. City of New York, 15-CV-6436 (NGG) (CLP), 2019 U.S. Dist. LEXIS 131640 at *37-38 (E.D.N.Y. Aug. 5, 2019) (dismissing plaintiff's excessive force claim where plaintiffs alleged "either no injuries at all or merely de minimis injuries.")

Here, Plaintiff suffered no injury as a result of his arrest and, thus, cannot demonstrate an injury sufficient to establish that he suffered even a de minimus injury, which is insufficient to give rise to an excessive force claim. Plaintiff claims he was slammed to the ground, that officers had their knees against his back and neck, and that he felt punches to his stomach, head, and ribs. However, he testified that he has no physical injuries from this incident.  Without an injury, there is no causation issue for the jury to decide, and it demonstrates that that the force was at most de minimis and not excessive. See Croke v. Cty of Suffolk, 2021 U.S. Dist. LEXIS 180276, *18-19 (E.D.N.Y. September 21, 2021). Moreover, even taking Plaintiff's facts as true, no reasonable jury could find that the force described by Plaintiff was used without causing any physical injuries. See Jeffreys v. Rossi, 275 F. Supp.2d 463, 477-78 (S.D.N.Y. July 18, 2003).

For the reasons set forth above, Defendants respectfully request a pre-motion conference regarding Defendants' anticipated motion for summary judgment. Defendants thank the Court for its time and consideration in this matter.

Respectfully submitted,
/s/ Jeffrey Noll
Assistant Corporation Counsel

CC: All Counsel by ECF

- 3 -