# LAW OFFICES OF ABE GEORGE, P.C.

99 Wall Street, Suite 3404
New York, NY 10005
(P) 212-498-9803 (F) 646-558-7533
Email: abe@abegeorge.lawyer

November 18, 2025

**<u>VIA ECF</u>**
Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Butler v. City of New York, et. al*., 1:25-cv-02946-BMC
Opposition to Defendant's Pre-Motion Conference Request

Your Honor:

Ater reviewing Defendants' pre-motion conference letter (ECF # 23) and re-reading your undersigned pre-motion's conference letter (ECF # 22) which both ask for summary judgment for conversely different reasons, I thought for a moment that there might be a genuine dispute as to material facts concerning Plaintiff's false arrest claims.  However, in the words of the legendary New York sportscaster Warner Wolf this Court should "go to the videotape."  Once the Court reviews the body camera footage of Officer Anthony Varone and the cell phone video of Plaintiff Emory Butler, both of which were uploaded via the Court's protocol, I believe this Court will conclude that no reasonable fact finder could find that defendants had probable cause to arrest Plaintiff.  If there was no probable cause to arrest Plaintiff, then defendants' motion for summary judgment should fail.

### A.  No Probable Cause Existed to Arrest Plaintiff

It is undisputed that in the early morning hours of December 5, 2024, Plaintiff, an African American male, was walking in the vicinity of Montauk Avenue in Brooklyn when Officer Varone, who was travelling in his vehicle, saw Plaintiff and suspected that he was carrying a firearm in his jacket. From the video it's undisputed that Officer Varone was determined to figure out if Plaintiff had a firearm and began stalking Plaintiff, first in his vehicle then on foot. It is undisputed from the video that Officer Varone created bodily contact between Plaintiff and himself to create a reason to search Plaintiff.  From the video you see Officer Varone touch the part of Plaintiff's jacket where he believed he thought a weapon would be and you hear Officer Varone state "what is that right there?" as he touched the left part of Plaintiff's jacket. From the video it is undisputed that there is physical contact between the two officers who forcibly take Plaintiff to the crowd and the Plaintiff appears and sounds hurt.

Defendants first argue that there was probable cause to arrest Plaintiff for Obstructing Governmental Administration in the Second Degree ("OGA"), NY PL 195.05(01), and Harassment in the Second Degree, NY PL 240.26(01), for grabbing and refusing to let go of Officer Varrone's vest during his arrest. The OGA statute criminalizes intentional obstruction of a public servant performing an "official function."  New York courts have held that, for purposes of OGA, "the official function being performed must be one that was 'authorized by law.'" *Gogol v. City of New York*, No. 15-CV-5703 (ER), 2017 U.S. Dist. LEXIS 127187, 2017 WL 3449352,

at *4 (S.D.N.Y. Aug. 10, 2017) (quoting *Lennon v. Miller*, 66 F.3d 416, 424 (2d Cir. 1995)); *See, e.g., Williams v. City of Mount Vernon*, 428 F. Supp. 2d 146, 157 (S.D.N.Y. 2006) (on a motion to dismiss, rejecting an argument that there was arguable probable cause to arrest for OGA because, "assuming the facts alleged in the Complaint, the police were not engaged in lawful conduct." When the police illegally searched and seized Plaintiff Butler they were not performing an official function authorized by law and as such no probable cause existed to arrest Plaintiff for an OGA.

A person is guilty of harassment in the second degree, Penal Law 240.26, when, with intent to harass, annoy or alarm another person: (1) he or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same. Contrary to defendants' allegations, the video shows the police harassing Plaintiff and throwing him to the ground for a baseless search, therefore there was no probable cause to arrest Plaintiff for harassment.

Lastly, defendants argue that there was there was probable cause to arrest Plaintiff for Criminal Mischief in the Fourth Degree [PL 145.00(1)] because Plaintiff intentionally tried to break defendant Varone's body worn camera. A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she: (1) intentionally damages property of another person. Once again this charge fails because after watching the video no reasonable person would believe that Plaintiff intentionally tried to damage defendants' camera.

### B.  There was No Probable Cause for Plaintiff's Prosecution.

For the reasons stated above there was no probable cause for Plaintiff's arrest and similarly there was no probable cause for his prosecution. Probable cause, in the context of malicious prosecution, has been described as such facts and circumstances as would lead a reasonably prudent person to believe the plaintiff guilty." *Kee*, 12 F.4th at 166 (citation and quotation marks omitted). "[P]robable cause to prosecute should not be conflated with probable cause to arrest." *Id.* Indeed, "[t]he probable cause standard in the malicious prosecution context is slightly higher than the standard for false arrest cases." *Stansbury v. Wertman*, 721 F.3d 84, 95 (2d Cir. 2013).

Contrary to defendant's argument defendant Cachia did not just rely on his fellow officers' statements for Plaintiff's prosecution, defendant Cachia stated in his deposition that he reviewed Officer Varone's body worn camera and believed that Officer Varone had probable cause to arrest Plaintiff. Officer Cachia was complicit in the violation of Plaintiff's civil rights and as such should not be dismissed from this case.

### C.  Excessive Force Was Used to Arrest Plaintiff

The video in this matter shows that force was applied to forcibly take Plaintiff to the ground. It is undisputed from the video that Plaintiff was struck and from the depositions it is further undisputed that Plaintiff was taken to the hospital to be treated for pain, therefore this cause of action cannot be dismissed.

For the reasons set forth above, Plaintiff respectfully requests this Court deny defendants' application.

Sincerely,

/s/
Abe George, Esq.

cc:    **VIA ECF**
       All Parties